UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD BREUNINGER and ITGA, LLC,<br><br>          *Plaintiffs,*<br><br>   -against-<br><br>T. EDWARD WILLIAMS, JANE DOE WILLIAMS, and PEYROT AND ASSOCIATES, PC,<br><br>          *Defendants.* | Civil Action No. ___ Civ. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

**Plaintiffs Richard Breuninger and ITGA, LLC** through their attorneys Schlam, Stone & Dolan LLP, allege the following for their Complaint against Defendants T. Edward Williams, Jane Doe Williams, and Peyrot and Associates, P.C.:

## THE PARTIES

1. Plaintiff Richard Breuninger is a resident of Maricopa County, Arizona.

2. Plaintiff ITGA, LLC, ("ITGA") is an Arizona Limited Liability Company with its principal place of business located in Maricopa County, Arizona.

3. Defendant T. Edward Williams, upon information and belief, is a resident of Colorado and New York.

4. Defendant Jane Doe Williams, upon information and belief, is a resident of Colorado and New York.

5. Defendant T. Edward Williams, at all times material hereto, upon information and belief, was acting on behalf of and in furtherance of his marital community with Jane Doe Williams such that the marital community between Defendant T. Edward Williams and Jane Doe Williams was to be enriched by his efforts.

1

6. Defendant T. Edward Williams, at all times material hereto, upon information and belief, was an attorney licensed to practice in the States of Colorado and New York but was not licensed to practice in the State of Arizona.

7. Defendant Peyrot and Associates, PC ("Defendant Peyrot Law Firm") at all times material hereto, upon information and belief was a New York professional corporation with their principal place of business in New York.

8. Upon information and belief, Defendant T. Edward Williams was employed by Defendant Peyrot Law Firm during some part or portion of the acts and omissions complained of in this Complaint and, as such, Defendant Peyrot Law Firm is vicariously liable for the acts and omissions of its employees under the doctrine of respondeat superior during such employment.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this court because Defendant T. Edward Williams resides in New York. Defendant Peyrot Law Firm is, upon information and belief, a New York professional corporation. Defendant Peyrot Law Firm does business within the State of New York.

11. The relief sought in this matter exceeds the jurisdictional threshold of this Court and all jurisdictional requirements have been satisfied.

## FACTUAL ALLEGATIONS

12. Plaintiffs reassert the preceding paragraphs as if fully incorporated herein.

13. ITGA filed Articles of Organization with the Arizona Corporation in June of 2014, a copy of which is attached hereto as Exhibit 1.

14. According to Exhibit 1, ITGA was a member-managed limited liability company, "meaning all members will run the company together if there is no operating agreement stating otherwise".

15. At the time the Articles of Organization were filed with the Arizona Corporation Commission in June of 2014, ITGA had as members Richard Breuninger and NuvoMark Virtual Marketing Solutions, LLC.

16. In July of 2014, ITGA filed with the Arizona Corporation Commission an Amendment to the Articles of Organization, a copy of which is attached hereto as Exhibit 2.

17. The July 2014 Amendment to the Articles of Organization removed NuvoMark Virtual Marketing Solutions, LLC as a member, leaving Richard Breuninger as the sole member of ITGA.

18. On November 27, 2017, Richard Breuninger, the sole member of ITGA, executed the Operating Agreement of ITGA, a copy of which is attached hereto as Exhibit 3.

19. Exhibit 3 appointed Richard Breuninger as manager of ITGA.

20. Exhibit 3 states, in relevant part, that the manager of ITGA had exclusive authority to, among other things:

> Initiate, settle and defend legal actions on behalf of the Company, including any litigation, arbitration, mediation, examination, investigation, inquiry, regulatory proceeding, or other similar matter contemplated by the Company, threatened by any Person, or in or with which the Company may become involved.

21. On or about December 1, 2017, ITGA purchased what is commonly referred to as the Foothills Club West Golf Course ("Club West") located at 16400 S. 14th Avenue in Phoenix, Arizona for the purchase price amount of $1,300,000.00.

22. Hiro Investment, LLC, Nectar Investment, LLC, and Kwang Co., LLC (collectively "the creditors") held a promissory note in the full amount of the purchase price of $1,300,000.00 ("the Note"), a copy of which is attached hereto as Exhibit 4.

23. The creditors secured the Note with a lien against Club West.

24. ITGA defaulted on the Note.

25. On May 15, 2018, the creditors instituted foreclosure proceedings of Club West, a copy of which is attached hereto as Exhibit 5.

26. The creditors set the foreclosure sale of Club West for August 21, 2018.

27. ITGA sought investors to pay off the Note and prevent the loss of Club West.

28. Richard Breuninger and Muhammad Howard discussed an investment proposal whereby Muhammad Howard, or one of the organizations he controlled, would invest $2,000,000.00 into ITGA for the purpose of paying off the Note, other outstanding debt, and for operating capital.

29. On August 17, 2018, Ultegra sent a letter (the "term sheet") to ITGA containing a summary of proposed terms and conditions, a copy of which is attached hereto as Exhibit 6.

30. According to the term sheet, Ultegra would purchase the commercial building and land located at 16400 S. 14th Avenue in Phoenix, Arizona and 90% of ITGA's assets for the amount of $2,000,000.00.

31. According to the term sheet, the proposed purchase was contingent upon approval of the asset purchase by Ultegra's internal credit committee in its sole and absolute discretion and the execution of a formal purchase agreement referred to as the "Contract."

32. According to the term sheet, Ultegra had the right to assign the Contract to any corporation, partnership, limited liability company, or other entities in which Ultegra or "Moe Howard" is a principal and holds an ownership interest.

33. According to the term sheet, the purchase was to take place within 21 days of the execution of the term sheet.

34. On or about August 17, 2018, Richard Breuninger and/or ITGA executed a purchase agreement (the "Contract") with Dab Drilling, a copy of which is attached hereto as Exhibit 7.

35. Upon information and belief, Dab Drilling is a limited liability company in which Ultegra and/or Muhammad Howard is a principal and holds an ownership interest.

36. According to the Contract, "[f]or ninety cents ($0.90) and other good and valuable consideration" Dab Drilling purchased directly from Richard Breuninger a 90% membership interest in ITGA.

37. Upon information and belief, the Contract was not executed by an authorized agent, manager, or other person on behalf of Dab Drilling.

38. In order to prevent the foreclosure sale and preserve Club West as an asset of ITGA until the Contract could be funded, ITGA filed for Chapter 11 bankruptcy.

39. Upon information and belief, on or about August 17, 2018, Ultegra, Dab Drilling, and/or Muhammad Howard requested Defendant T. Edward Williams file a Chapter 11 Bankruptcy on behalf of ITGA.

40. Defendant T. Edward Williams filed a Chapter 11 Bankruptcy Petition ("the Petition") in the Bankruptcy Court for the District of Arizona on behalf of ITGA on August 20, 2018, a copy of which is attached hereto as Exhibit 8.

41. The Petition was electronically signed by Defendant T. Edward Williams who listed as his firm Defendant Armstrong Law Firm.

42. Upon information and belief, Defendant T. Edward Williams was not licensed to practice law in the State of Arizona or in the District of Arizona Federal Court or in the Bankruptcy Court in the District of Arizona on August 20, 2018.

43. Upon information and belief, Defendant T. Edward Williams was not admitted pro hac vice into any Arizona court on August 20, 2018.

44. According to the Petition that Defendant T. Edward Williams prepared and filed on behalf of ITGA in the Arizona Bankruptcy Court, the authorized representative of ITGA was listed as "Richard Breuninger".

45. According to the Petition that Defendant T. Edward Williams prepared and filed on behalf of ITGA in the Arizona Bankruptcy Court, Richard Breuninger's title was "CEO. Founder" of ITGA.

46. After receiving Notice of the filing of the Petition, the creditors reset the foreclosure of Club West to occur on September 4, 2018, a copy of which is attached hereto as Exhibit 9.

47. Defendant T. Edward Williams failed to file with the Petition 1) a list of creditors as required by Federal Rule of Bankruptcy Procedure 1007 and Local Rule of Bankruptcy Procedure 1007-1, 2) the Schedules of Assets and Liabilities as required by Federal Rule of Bankruptcy 1007 and 11 USC 521(a)(1), and 3) the Statement of Financial Affairs as required by Federal Rule of Bankruptcy 1007 and 11 USC 521(a)(1).

48. On or about August 22, 2018, the Arizona Bankruptcy Court issued a Notice of Incomplete or Deficient Filings, providing seven days from the date of the filing of the Petition

to file the list of creditors and 14 days from the date of the filing of the Petition to file the Schedules of Assets and Liabilities and the Statement of Financial Affairs, a copy of which is attached hereto as Exhibit 10.

49. Defendant T. Edward Williams never filed the list of creditors, the Schedules of Assets and Liabilities, and/or the Statement of Financial Affairs.

50. Defendant T. Edward Williams did not request an extension in which to file the list of creditors pursuant to Federal Rule of Bankruptcy Procedure 1007(c).

51. On August 28, 2018 the bankruptcy court dismissed Plaintiff ITGA's bankruptcy case.

52. Upon information and belief, a new Petition for Chapter 11 bankruptcy for ITGA could have been refiled at any time after the Petition was dismissed.

53. After the Petition was dismissed, Defendant T. Edward Williams did not refile the Petition.

54. Upon information and belief, Defendant T. Edward Williams worked for Armstrong Law Firm from the date of the filing of the Petition until August 31, 2018.

55. Upon information and belief, Defendant T. Edward Williams worked for Defendant Peyrot Law Firm from September 1, 2018 until at least January 22, 2019.

56. At no time from the dismissal of the Petition on August 28, 2018 until January 22, 2019 did Defendant T. Edward Williams refile a Petition for ITGA.

57. On September 4, 2018, the creditors foreclosed on Club West, a copy of which is attached hereto as Exhibit 11.

58. On September 7, 2018, Defendant T. Edward Williams filed an Emergency Motion to Reinstate both the Case and the Automatic Stay ("the Motion to Reinstate"), a copy of which is attached hereto as Exhibit 12.

59. The Motion to Reinstate provides, in relevant part, as follows:

> Around August 28, 2018, this Court dismissed Debtor's Petition because Debtor did not filed (sic) the list of its List of 20 Largest Creditors. Although Debtor had reviewed documents before filing its Petition and although Debtor believed it had updated documents about its creditors, the documents Debtor possessed were not up to date. Instead, the documents Debtor needed were with Debtor's previous owners. On or about September 5, 2018 Debtor obtained the documents it required from third parties and provided them to its counsel.
>
> On September 1, 2018, Debtor's counsel switched law firms and began working for a law firm based in New York.

60. The Motion to Reinstate was electronically signed by Defendant T. Edward Williams and Leonard V. Sominsky.

61. Upon information and belief, Leonard V. Sominsky accepted the representation of ITGA on or after August 20, 2018 and at point in time prior to the foreclosure of Club West.

62. Upon information and belief, Leonard V. Sominsky is an attorney licensed to practice law in the State of Arizona and Arizona Federal Courts.

63. Leonard V. Sominsky did not refile a Petition on behalf of ITGA at any time before the foreclosure sale of Club West.

64. An attorney representing the creditors filed an Opposition to the Emergency Motion to Reinstate Case and to Reinstate Automatic Stay ("the Opposition") on September 12, 2018, a copy of which is attached hereto as Exhibit 13.

65. In their Opposition, the creditors indicated Club West had been sold in the foreclosure sale.

66.	The creditors cited to case law correctly indicating the bankruptcy court could not retroactively reinstate a dismissed Chapter 11 bankruptcy case in order to avoid a foreclosure that had already been completed.

67.	Neither Defendant T. Edward Williams nor Leonard V. Sominsky filed a Reply nor requested a hearing from the Bankruptcy Court on the Motion to Reinstate.

68.	The Bankruptcy Court never decided the issues raised in the Motion to Reinstate.

69.	On January 22, 2019 Plaintiff ITGA's bankruptcy was closed and the Bankruptcy trustee was discharged, a copy of which is attached hereto as Exhibit 14.

## CLAIM FOR RELIEF
### (Legal Malpractice Against ITGA v. Williams and Peyrot Law Firm)

70.	Plaintiffs reassert the preceding paragraphs as if fully incorporated herein.

71.	Pursuant to the Articles of Organization and the amendment thereto filed with the Arizona Corporation Commission, Plaintiff Richard Breuninger is the sole member of Plaintiff ITGA.

72.	Pursuant to the Operating Agreement of ITGA, Plaintiff Richard Breuninger is the manager of Plaintiff ITGA.

73.	As acknowledge by Defendant Williams in the Petition, Plaintiff Richard Breuninger is an authorized representative of Plaintiff ITGA and Plaintiff ITGA's "CEO. Founder" and is capable of instituting legal proceedings on behalf of Plaintiff ITGA.

74.	As the sole member, manager, authorized representative, and CEO. Founder of Plaintiff ITGA, Plaintiff Richard Breuninger brings this, Count I, alleging legal malpractice, against Defendants Williams and Peyrot Law Firm on behalf of ITGA.

75. Defendants Williams and Peyrot Law Firm undertook the representation of Plaintiff ITGA in bankruptcy proceedings in the United States Bankruptcy Court for the District of Arizona.

76. Defendants Williams and Peyrot Law Firm owed a duty of care to Plaintiff ITGA.

77. The duty of care Defendants Williams and Peyrot Law Firm owed to Plaintiff ITGA is to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession.

78. Paragraph 20 of the Preamble of the Rules of Professional Conduct states the following, in relevant part:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached… They are not designed to be a basis for civil liability… Nevertheless, since the Rules do establish standards of conduct by lawyers, a lawyer's violation of a Rule may be evidence of breach of the applicable standard of conduct.

79. Arizona Ethical Rule ("ER") 5.5 states, in relevant part:

  (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

  (b) Except as authorized by these Rules or other law, a lawyer who is not admitted to practice in Arizona shall not:

    (1) engage in the regular practice of Arizona law; or

    (2) hold out to the public or otherwise represent that the lawyer is admitted to practice Arizona law.

  (c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in Arizona that involve Arizona law and which:

      (1)    are undertaken in association with a lawyer who is admitted to practice in Arizona and who actively participated in the matter.

      (2)    are in or reasonably related to a pending or potential proceeding before a tribunal in Arizona or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;

      (3)    are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in Arizona or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission; or

      (4)    are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

    ***

    (h)    Any attorney who engages in the multijurisdictional practice of law in Arizona, whether authorized in accordance with these Rules or not, shall be subject to the Rules of Professional Conduct and the Rules of the Supreme Court regarding attorney discipline in Arizona.

80.    ER 1.3 states "A lawyer shall act with reasonable diligence and promptness in representing a client."

81.    ER 1.4 states, in relevant part:

    (a)    A lawyer shall:

      (1)    promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in ER 1.0(e) is required by these Rules;

      (2)    reasonably consult with the client about the means by which the client's objectives are to be accomplished.

    (3) keep the client reasonably informed about the status of the matter;

    (4) promptly comply with reasonable requests for information; and

    (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

82. ER 1.7 states, in relevant part:

  (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

    (1) the representation of one client will be directly adverse to another client.

83. ER 1.13 states, in relevant part:

  (a) A lawyer employed or retained by an organization represents the organization acting through its duly organized constituents.

84. ER 5.1 states, in relevant part:

  (b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

  (c) A lawyer shall be responsible for another lawyer's violated of the Rules of Professional Conduct if:

 ***

    (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

85. ER 8.4 states in relevant part: "[i]t is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct…".

86.     Upon information and belief, Defendants Williams and Peyrot Law Firm breached one or more of the aforementioned Ethical Rules and their duty to Plaintiff ITGA by committing the unauthorized practice of law in Arizona, failing to act with reasonable diligence, failing to adequately communicate with Plaintiff ITGA, entering into an impermissible conflict of interests by representing parties one client whose interests were directly adverse to another client, failing to act through Plaintiff ITGA's duly organized constituents, failing to adequately supervise another lawyer, violating or attempting to violate the Rules of Professional Conduct, and by failing to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession.

87.     Defendants Williams and Peyrot Law Firm's breach of their duties of care owed to Plaintiff ITGA caused Plaintiff ITGA to lose Club West to foreclosure proceedings resulting in the loss of the $2,000,000.00 contract with Howard, Ultegra, and/or Dab Drilling.

88.     Defendants Williams and Peyrot Law Firm consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff ITGA by failing to comply with Bankruptcy Court Rules and Arizona's Ethical Rules such that an award of punitive or exemplary damages is appropriate.

**WHEREFORE**, Plaintiffs demand a judgment in their favor and against each of the Defendants on a joint and several basis awarding Plaintiffs compensatory damages in the amount of $2,000,000.00 as well as consequential damages, punitive damages, attorneys' fees incurred, court costs, and any other relief that the Court deems just and proper.

Dated: New York, New York
       August 28, 2020

**SCHLAM STONE & DOLAN LLP**

By: _/s/ Jeffrey Eilender_
    Jeffrey M. Eilender
    Niall D. Ó Murchadha
    26 Broadway
    New York, New York 10004
    Telephone: (212) 344-5400
    E-Mail: jeilender@schlamstone.com
    E-Mail: nomurchadha@schlamstone.com
    *Attorneys for Plaintiffs*