**PEYROT & ASSOCIATES, PC**
*Attorneys for Defendant P&A*
62 William Street, 8th Floor
New York, New York 10005
(Phone: 646-650-2785); (Fax: 646-650-5109)
David.VanLeeuwen@peyrotlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD BREUNINGER and ITGA, LLC, | Case No.: 20-cv-07033 |
| Plaintiff, | Hon. John P. Cronan |
| -against- | |
| T. EDWARD WILLIAMS, JANE DOE WILLIAMS, and PEYROT & ASSOCIATES, PC, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF P&A'S**
**MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**PEYROT & ASSOCIATES, PC**
62 William Street, 8th Floor
New York, New York 10005
(646) 650-2785
David.vanleeuwen@peyrotlaw.com

*Attorneys for Defendant P&A*

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES – page

BACKGROUND AND PRELIMINARY STATEMENT - page

ARGUMENT – page

I. Legal Standard – Motion to Dismiss – page .

II. Plaintiffs Fail to State a Claim for Legal Malpractice – page

III.  Plaintiffs Fail to State a Claim for Actual Damages – page

IV. Conclusion – page

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) - page

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). – page

*Block v. Brecher, Fishman, Feit, Rubin & Tannenbaum*, 753 N.Y.S.2d 84, 2003 N.Y. Slip Op. 10135 (App. Div. Jan. 14, 2003).- page

*Marinelli v. Sullivan Papain Block McGrath & Cannavo, P.C.*, 169 N.Y.S.3d 90 (App. Div. 2022) – page

*M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576, 585 (S.D.N.Y. 2003) – page

*Plymouth Org., Inc. v. Silverman, Collura & Chernis, P.C.*, 799 N.Y.S.2d 813, 814 (App. Div. 2005). - page

*Pope v. Rice*, No. 04 Civ. 4171 (DLC), 2005 WL 613085, at *6 (S.D.N.Y. Mar. 14, 2005)   - page

*Sierra Holdings, LLC v. Phillips, Weiner, Quinn, Artura & Cox*, 977 N.Y.S.2d 751, 752 (App. Div. 2013) – page

*Wei Cheng Chang v. Pi*, 733 N.Y.S.2d 471, 473 (App. Div. 2001)  - page

**Statutes**

Fed. R. Civ. P. 12(b) – page 6

## **BACKGROUND AND PRELIMINARY STATEMENT**

As it is clear that the Court is well informed of the background of this matter, given its Opinion and Order dated September 22, 2022 dismissing the second Amended complaint in its entirety, P&A shall not once again restate the background in its entirety.

In sum, the Third Amended Complaint does not change the substance of the analysis of this matter by this Court and as set forth in the September 22, 2022 Opinion and Order, and the Third Amended Complaint should also be dismissed.

In particular, the Third Amended Complaint, fails to establish either an Attorney Client relationship or near privity.  Even if they could do so, they still have not and cannot plead actual damages, as such alleged damages are too speculative or related on actions of a third party.

Since, all claims should be dismissed against Williams, P&A should also be dismissed.

P&A now moves to dismiss the complaint in its entirety.

## **ARGUMENT**

**I. Legal Standard – Motion to Dismiss**

As stated in the two prior motions, to survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept "well-pleaded factual allegations" as true, it should not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678-79.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**II. Plaintiffs Fail to State a Claim for Legal Malpractice**

This Court found that the Second Amended Complaint failed to state a cause of action for Legal Malpractice as they failed to establish an attorney-client relationship or near privity. The Third Amended Complaint similarly fails to establish an attorney-client relationship or near privity and should also be dismissed.

In New York, the existence of an attorney-client relationship is generally a necessary element of a cause of action for legal malpractice. *Block v. Brecher, Fishman, Feit, Rubin & Tannenbaum*, 753 N.Y.S.2d 84, 2003 N.Y. Slip Op. 10135 (App. Div. Jan. 14, 2003).

The existence of an attorney-client relationship depends on a variety of factors including: 1) whether a fee arrangement was entered into or a fee paid; 2) whether a written contract or retainer agreement exists indicating that the attorney accepted representation; 3) whether there was an informal relationship whereby the attorney performed legal services gratuitously; 4) whether the attorney actually represented the individual in an aspect of the matter (e.g., at a deposition); 5) whether the attorney excluded the individual from some aspect of a litigation in order to protect another (or a) client's interest; 6) whether the purported client believed that the attorney was representing him and whether this belief was reasonable. *Pope v. Rice*, No. 04 Civ. 4171 (DLC), 2005 WL 613085, at *6 (S.D.N.Y. Mar. 14, 2005) (*quoting M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576, 585 (S.D.N.Y. 2003)

As with the Second Amended Complaint, the Third Amended Complaint does not and cannot allege that (i) any fee arrangement they entered into, (ii) any fee in fact paid by ITGA, (iii) any written representation agreement between ITGA and Williams, (iv) or any informal relationship pursuant to which Williams would provide gratuitous services.

The fourth factor still is present, but as this Court has already pointed out the creation of documents alone does not create a relationship. *See Wei Cheng Chang v. Pi*, 733 N.Y.S.2d 471, 473 (App. Div. 2001).

7

The Third Amended Complaint now conveniently alleges that Plaintiff had a 'subjective belief' that Williams was ITGA's bankruptcy attorney because he 'agreed' to file a Bankruptcy Petition.  *See* Third Amended Complaint ¶ 50.  However, Williams did not agree to file a Bankruptcy Petition, as it is not controverted that there was no agreement to file a bankruptcy petition, and as such said belief was not reasonable.  *See* Third Amended Complaint ¶ 42.

The Third Amended Complaint similarly fails to establish near privity.  Third parties, not ITGA, allegedly directed Williams to file the bankruptcy petition.  In addition, there are no allegations that Plaintiff relied on the filings.

**III. Plaintiffs Fail to State a Claim for Actual Damages**

Even if Plaintiff's stated a claim for an attorney relationship, the Third Amended Complaint should still be dismissed for failure to allege actual damages.

Under New York law, "[m]ere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice."  *Plymouth Org., Inc. v. Silverman, Collura & Chernis, P.C.*, 799 N.Y.S.2d 813, 814 (App. Div. 2005).

Plaintiffs' damages assertions too speculative to survive a motion to dismiss because the realization of those damages would have depended entirely on the actions of a third party or otherwise too speculative.  *Marinelli v. Sullivan Papain Block McGrath & Cannavo, P.C.*, 169 N.Y.S.3d 90 (App. Div. 2022); *Sierra Holdings, LLC v. Phillips, Weiner, Quinn, Artura & Cox*, 977 N.Y.S.2d 751, 752 (App. Div. 2013).

8

Plaintiff's allegations in paragraph 102 relating to damages does not change the fact that the term sheet had two prior conditions to be decided by a third party, or their otherwise optimistic speculation that had the club not been foreclosed upon, some other entity might have bought it.

Since any liability of P&A would require, among other things, the liability of Williams, the Third Amended Complaint should be dismissed.  It should be noted for the record that P&A does not concede that Williams was an employee of P&A and in fact he was not.   For clarity purposes, P&A never had a direct relationship with Defendant Williams the individual, but only Williams, LLP, a Colorado entity, This fact is further corroborated by Mr. Williams in his affidavit in the Arizona Action.

As such, the complaint should be dismissed

## IV.     Conclusion

For the reasons set forth herein, Defendant P&A, respectfully requests that the Motion to Dismiss the Third Amended Complaint be granted in its entirety.

    Respectfully Submitted,

*/s/ David C. Van Leeuwen*
David C. Van Leeuwen, Esq. (DV 2007)
Francois Peyrot, Esq.
PEYROT & ASSOCIATES, PC
62 William Street, 8th Floor
New York, New York 10005
(646) 650-2785
David.vanleeuwen@peyrotlaw.com

*Attorneys for Defendant P&A*

Dated: November 30, 2022
New York, New York