```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD BREUNINGER, et al,                :
                                          :   20-CV-7033 (JPC) (RWL)
                          Plaintiffs,     :
                                          :
         - against -                      :   ORDER
                                          :
T. EDWARD WILLIAMS, et al,                :
                                          :
                          Defendants.     :
------------------------------------------------------------X
```

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 3/8/2024

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiffs' letter motion at Dkt. 249 regarding depositions of Defendant Williams, non-party Peyrot & Associates, and Defendant's experts.

1. The Court finding good cause in limited respects, fact and expert discovery are extended until **April 22, 2024** for the limited purposes addressed herein.

2. **Deposition of Defendant:** Plaintiffs' noticing Defendant's deposition for the same day Defendant would be deposing Plaintiffs' witnesses was not reasonable. At the same time, Defendant is incorrect about Plaintiffs' prerogative to take Defendant's deposition remotely – as Defendant previously argued, and this Court ruled (Dkt. 217), the party noticing the deposition may opt to take the deposition remotely. As Defendant's deposition will be conducted on a day apart from when Plaintiffs are in New York for their deposition, Plaintiffs' counsel need not be made to travel again. Accordingly, the parties shall meet and confer in good faith to select a date and time for Defendant's deposition, which may be taken remotely at Plaintiffs' option.

3. **Deposition of Defendant's Experts:** It is not clear from the parties' correspondence when Defendant disclosed his experts and their reports in this case.

1

(Plaintiffs' letter mentions February 29, 2024, but it is not clear whether that date refers to the date of Defendant's expert disclosures or the date that Plaintiffs first asked to take their depositions.) Regardless, Defendant's argument that he used the same experts and reports in previous litigation between the parties is irrelevant to whether Plaintiffs have noticed the experts' depositions on a timely basis in this case. Expert discovery typically follows fact discovery, and expert depositions typically are not taken until the end of expert discovery, which is what Plaintiffs seek to do here. Plaintiffs may depose Defendant's experts and may do so remotely at their option.

4. **Deposition of Non-Party Peyrot & Associates:** The 30(b)(6) deposition of non-party Peyrot & Associates may be taken within the extended discovery period. This ruling, however, does not affect the rights of Peyrot & Associates, all of which are fully retained, in objecting for any reason and otherwise responding to a demand for its deposition.

The Clerk of Court is directed to terminate the motion at Dkt. 249.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 8, 2024
   New York, New York

Copies transmitted this date to all counsel of record.