UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RICHARD BREUINGER and ITGA, LLC,       :
                                       :
                    Plaintiffs,        :
                                       :
        - against -                    :
                                       :
                                       :
T. EDWARD WILLIAMS et al.,             :
                                       :
                    Defendants.        :
                                       :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/28/2024

20-CV-7033 (JCP) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the slew of letter motions and responses recently filed by the parties and which have been referred to me.

1.      **Summary Judgment:**  Defendants seek leave to file motions for summary judgment.  (*See* Dkts. 266 and 268 (Defendant and Jane Doe Williams), Dkt. 270 (Defendants Peyrot and Associates, PC).)  Although the letter motions were not filed within 30 days prior to the close of discovery as directed in the scheduling order, the Court finds good cause due to the significant deposition testimony that was taken during the last several weeks of discovery; the promptness with which the letter motions were filed following the end of discovery; and the absence of any cognizable prejudice to Plaintiffs. The requests for leave are GRANTED.  Defendants may proceed with filing motions for summary judgment.  The parties shall meet and confer to discuss a briefing schedule and jointly file a proposed schedule by June 6, 2024.

2.      **Motions For Sanctions:**  Defendant Williams seeks leave to file a motion for Rule 11 sanctions (Dkt. 269) and for sanctions pursuant to 18 U.S.C. § 1927 and the

1

Court's inherent power (Dkt. 267).   Both motions assert that Plaintiffs' claims are meritless, frivolous, and without evidentiary or legal support.   Determination of such sanctions at this juncture is premature and shall not be filed unless and until the case is disposed of in Defendant Williams' favor either on summary judgment, trial, or other disposition.   Accordingly, the requests for leave are DENIED WITHOUT PREJUDICE to renew at the appropriate time.   Any Rule 11 sanctions motion must be preceded by the notice procedure required by that Rule.   Defendant Williams can serve the requisite Rule 11 notice at any time; he need not await disposition of the case to serve the notice.

3.    **Sanctions – Damages / Expert Reports:**   Defendant Williams seeks dismissal, fees, and costs as sanctions under Fed. R. Civ. P. 37(b) and 41(b) for Plaintiffs' failure to produce an expert and to produce all financial records. (Dkt. 276.) As to experts, the motion is DENIED.   Plaintiffs are not obligated to disclose and produce an expert if they so choose.   Whether or not failure to disclose and produce an expert to value damages is fatal to Plaintiffs' claim is a separate question which Defendants may address on summary judgment.   As Defendant Williams has filed separate motions concerning Plaintiffs' financial records, the Court will address those separately.

4.    **Sanctions – Failure to Disclose Tax Returns and Financial Records:** Defendant Williams requests sanctions, including adverse inferences, deeming facts established, default judgment, and attorney's fees and costs based on Plaintiffs' having produced incomplete financial information.   (Dkt. 277, 280.)   Williams' motion is predicated on the assertion that Plaintiffs have not produced documents that they have in their possession, custody, or control, but he does not point to any evidence that Defendants actually withheld any documents – with one possible exception.

2

The Court is troubled by Plaintiff Breuninger's testimony that there likely are responsive documents on his laptop computer but which he did not review or produce because he could not remember the password to his laptop.  That purported excuse begs the question what efforts, if any, Mr. Breuninger has made to address that problem; for instance, did he take the computer to a technician who could help him access the computer?  The Court would not be surprised if other persons have forgotten passwords to their computer and readily found a way to solve that problem.  That said, the Court does not have any relevant facts before it and does not know to what extent Defendant Williams may have inquired about that very issue at Mr. Breuninger's deposition. Accordingly, by June 14, 2024, Plaintiffs shall file (1) an affidavit from Mr. Breuninger addressing what he has done, if anything, to gain access to his laptop, and, if not, why not, and (2) any of Mr. Breuninger's deposition testimony about the laptop, what may be on it, and why he cannot access it.  By June 21, 2024, Mr. Williams shall file a letter stating his views on the issue.  Accordingly, whether sanctions are appropriate with respect to Mr. Breuninger's production of documents will be HELD IN ABEYANCE.

5.    **Sanctions – Failure to Disclose Witnesses:**  Defendant Williams seeks adverse inferences and exclusion of testimony based on Plaintiffs' purported failure to disclose three witnesses, Krista Jones, William Day, and Keith Schott.  (Dkt. 278.) Williams invokes Fed. R. Civ. P. 26(a)(1)(A)(i), which addresses initial mandatory disclosures.  Plaintiffs assert that they did not include Jones or Day in their initial disclosures because they are not witnesses on whom Plaintiffs may use to support their claims or defenses.  (Dkt. 286.)  As such, Plaintiffs were not required to include them in their initial disclosures.  Fed. R. Civ. P. 26(a)(1)(A)(i).  Moreover, by Williams' own admission, he was aware of Jones, Day, Schott and their alleged ownership in ITGA no

3

later than November 9, 2023, when the Court took judicial notice of certain judicial proceedings.  That was several months before the end of discovery (not to mention that Williams had the information in hand for some time prior to November 9, 2023, as he was the one who filed the request for judicial notice).  Williams therefore had full opportunity to take discovery of those individuals had he so desired.  Accordingly, Williams' motion for sanctions for failure to disclose witnesses is DENIED.

In his letter motion, Williams states he "requested that Plaintiffs disclose the names of all individuals who own interests in ITGA LLC" and "Plaintiffs failed to do so."  (Dkt. 278; *see also* May 27, 2024 reply letter at 4 (noting that an interrogatory posed by Williams asked Plaintiffs to identify all individuals or entities who own or have owned interests in ITGA).)  Plaintiffs respond that Williams is mistaken, having made an incorrect assumption because the individuals at issue owned interests in an entity other than ITGA. (Dkt. 286.)  That factual issue may be taken up on summary judgment, and whether Plaintiffs provided false or incomplete information in response to an interrogatory or other discovery request, and what implications may flow from that, is not addressed by the instant ruling.

The Clerk of Court is respectfully requested to terminate the letter motions at Dkts. 266, 267, 268, 269, 270, 276, 277, 278, 280.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 28, 2024
    New York, New York

Copies transmitted this date to all counsel of record.