```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICHARD BREUINGER and ITGA, LLC,         :
                                         :    20-CV-7033 (JPC) (RWL)
                         Plaintiffs,     :
                                         :
             - against -                 :    ORDER
                                         :
                                         :
T. EDWARD WILLIAMS et al.,               :
                                         :
                         Defendants.     :
                                         :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On September 30, 2024, this Court ordered that, as discovery sanctions, Plaintiffs pay Defendant Williams 50% of the reasonable fees and costs incurred in authoring certain letters. (*See* Dkt. 374.) The Court's September 30, 2024 order erroneously referred to Dkt. 337, when it should have referred to Dkt. 298. The error has no practical effect as the fees sought by Williams include work done drafting the correct letter. (*See* Dkt. 375-1 at entries for 06/20-21/2024.) The letters addressed either in whole or in part Williams' efforts to compel Plaintiff to produce financial documents from a laptop computer for which Plaintiff claimed he had forgotten the password. The order directed Williams to file a letter with billable record substantiation and documentation for the time (and rate) for which Williams seeks recompense. Williams submitted an affidavit for that purpose on October 8, 2024. (*See* Dkt. 375.) Plaintiffs submitted a letter contesting the amount of fees sought (Dkt. 379), and Williams replied (Dkt. 380). Having reviewed and considered the parties' submissions and prior proceedings, the Court orders as follows.

1

Williams attests that he incurred $28,317.75 in fees and $3,592.91 in costs. (Dkt. 375 ¶ 25.) He asserts that he spent 66.63 hours "in seeking sanctions and responding to the various arguments Plaintiffs proffered as to why they still have not provided the relevant documents they claim to have." (*Id.* ¶ 10.) The billing rate charged is $425 per hour. (*Id.* ¶ 6 and Ex. A (billing records).) Plaintiff does not challenge Williams' billing rate (Dkt. 379 at 3), which previously was found reasonable two years ago by another Judge in this District (*see* Dkt. 375 ¶ 6).[1] Plaintiff does, however dispute Williams' hours and costs, particularly insofar as they do not relate specifically to the task of "drafting" the letters but rather to ancillary tasks such as reviewing documents and Plaintiff's responding letters. (Dkt. 379 at 1-2.)

The Court agrees that Williams' application is overly inclusive. The Court did not award Williams fees and costs in connection with all aspects of moving for sanctions for allegedly missing financial documents. Rather, the conduct for which the sanctions were imposed concerned Plaintiff's representations and actions, and inaction, with respect to accessing documents on the laptop computer. (Dkt. 374 ("The Court finds that monetary sanctions are appropriate for the otherwise unnecessary letter motion writing precipitated by Plaintiff's cursory 'I forgot the password' excuse").) Moreover, the Court awarded fees and costs associated with drafting the letters, not reviewing documents and other such

---

[1] The traditional approach to determining a fee award is the "lodestar" calculation, which is the number of hours expended multiplied by a reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007); *Tackie v. Keff Enterprises LLC*, No. 14-CV-2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). The Second Circuit has held that "the lodestar … creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); and then citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)); *see also Stanczyk v. City Of New York*, 752 F.3d 273, 284-85 (2d Cir. 2014) (reaffirming *Millea*).

tasks. The Court finds that the following time entries are ones for which fee recovery is warranted:

| | |
|---|---|
| 5/16/2024 | 2.5 hours (drafting Dkt. 280) |
| 5/20/2024 | 3.78 hours (drafting Dkt. 280) |
| 6/20/2024 | 2.1 hours (drafting Dkt. 298) |
| 6/21/2024 | 0.9 hours (drafting Dkt. 298) |
| 9/12/2024 | 0.3 hours (drafting Dkt. 368) |
| 9/17/2024 | 2.0 hours (drafting Dkt. 370) |
| 9/18/2024 | 0.2 hours (drafting Dkt. 371) |
| 9/19/2024 | 1.3 hours (drafting Dkt. 373) |

The Court will not award fees for drafting Williams' fee submission given its over-reach. Accordingly, the total number of hours for which Plaintiff must pay Defendant 50% is 13.08, rounded to 13.1. At an hourly rate of $425, the relevant fees total $5,567.50. The fees owed by Plaintiff are therefore $2,783.75.

As for costs, Williams seeks $354.20 for "Copies/Blowbacks/Printing-Color (Internal) and "documents Plaintiff's produced." (Dkt. 375-1 at ECF 6.) Williams has not identified copying specifically connected to drafting the letters. The Court can reasonably infer that some copy costs were incurred in printing exhibits submitted with the letters. Those exhibits comprise a total of 93 pages. Applying a reasonable rate of 15 cents per page, the total copy cost is $13.95. The Court will not award the costs of "CS Disco Discovery Solutions"; even though that is denoted as "discovery regarding missing documents on motion for sanctions," the description is vague as to what service was actually provided, and, as noted above, the sanctions award is for the laptop accessibility issue, not for the broader issue of allegedly missing financial documents. The Court finds

the online research costs requested ($1,937.77) over-inclusive, given that most of the case law cited by Williams in the letters (only two of which cite any case law) appears related to sanctions generally, remedies that the Court has not awarded (e.g., entering default), bankruptcy law, and the broader issue of allegedly missing financial documents – not the more targeted laptop issue. Further indicative of over-inclusion is the cost item of $1,018.44 for LexisNexis research identified broadly as "from May 2024 through September 2024." (*Id.*) Given those infirmities, the Court will not award any online legal research costs. The last cost category, "Pacer download" for $20 reasonably can be inferred to relate to the cost of downloading from the PACER service copies of the Court's orders and Defendants' opposing letters. The total relevant costs are $33.95. Half of that amount is $16.98 (rounded up).

The total amount of fees and costs awarded is $2,800.73. The Court finds that amount to be a just and fair sanction for the unnecessary letter motion practice occasioned by Plaintiff's "I forgot the password" excuse for not producing documents from his laptop computer. *See* Rule 37(a)(5)(C) (authorizing apportioning of expenses where motion is granted in part and denied in part); Dkt. 374 (finding "portions of Williams' letters are either incorrect, highly exaggerated, or meritless").

Accordingly, within 30 days, Plaintiff shall pay Defendant a total sanctions award of $2,800.73.

The Clerk of Court is directed to terminate the open letter motions at Dkts. 368 and 379.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2024
         New York, New York

Copies transmitted this date to all counsel of record.