```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
RICHARD BREUNINGER et al.,                                             :
                                                                       :
                              Plaintiffs,                              :
                                                                       :       20 Civ. 7033 (JPC) (RWL)
              -v-                                                      :
                                                                       :       ORDER ADOPTING
T. EDWARD WILLIAMS et al.,                                             :       REPORT AND
                                                                       :       RECOMMENDATION
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      The factual and procedural background of this case has been summarized in a number of the Court's Opinions, including *Breuninger v. Williams*, No. 20 Civ. 7033 (JPC) (RWL), 2024 WL 3088770, at *1-2 (S.D.N.Y. June 20, 2024). Defendant Peyrot and Associates, P.C. ("Peyrot") and Defendants Edward Williams ("Williams") and Jane Doe Williams (collectively, with "Williams," the "Williams Defendants") move for summary judgment on the legal malpractice claim against them. Dkts. 316, 320. Williams also moves for summary judgment on his counterclaim seeking unpaid legal fees from Plaintiffs. Dkt. 361. On February 10, 2025, the Honorable Robert W. Lehrburger, to whom this case has been referred for general supervision of pretrial proceedings and dispositive motions, issued a Report and Recommendation, recommending (1) that the Court grant the Williams Defendants' and Peyrot's motions for summary judgment on Plaintiffs' legal malpractice claim, Plaintiffs' lone remaining claim, and dismiss that claim against the Williams Defendants and Peyrot, and (2) that the Court deny Williams's motion for summary judgment on his counterclaim. Dkt. 392 ("R&R").[1]

---

[1] While the Williams Defendants' notice of summary judgment motion mentions the motion being brought only by Williams, Dkt. 320, Williams also represents his purported wife, Jane Doe Williams, in this matter and their moving brief makes clear that they are seeking

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. R&R at 57-58. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. The Williams Defendants' and Peyrot's motions for summary judgment on Plaintiffs' legal malpractice claim are granted and

---

summary judgment on her behalf as well. *See* Dkt. 322 (lead moving brief) at 3 ("Because the Order issued in the Colorado lawsuit bars this suit, Williams (and Jane Doe Williams to the extent ITGA is still pursuing claims against the fictitious Jane Doe Williams) Williams seeks summary judgment. Separately Williams (and the fictitious Jane Doe Williams) seeks summary judgment because ITGA cannot satisfy any of the elements of legal malpractice."). As Judge Lehrburger noted, "Plaintiffs have adduced no proof whatsoever that Ms. Williams had any role in the events at issue or that she received any proceeds of any funds that could be at issue," and "[n]o reasonable juror could find otherwise based on the record." R&R at 54.

therefore that claim is dismissed with prejudice against all Defendants.  Williams's motion for summary judgment on his counterclaim seeking unpaid legal fees is denied.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court will hold a status conference on March 11, 2025, at 3:00 p.m., in Courtroom 12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.  At the conference, the parties shall be prepared to discuss their views on next steps in this litigation as well as their availability for trial.  The Clerk of Court is respectfully directed to close the motions at Docket Numbers 316, 320, and 361.

SO ORDERED.

Dated: February 25, 2025
       New York, New York

_____
JOHN P. CRONAN
United States District Judge